IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PATRICIA AND JEFFREY SHADE,
               Plaintiffs,

vs.

CONCORD SERVICING, LLC d/b/a
BLACKWELL RECOVERY,
               Defendant.

Case No. 1:24cv891

# AMENDED COMPLAINT

## I.   INTRODUCTION

1. This is an action for damages brought by a consumer pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA").

2. The FDCPA prohibits debt collectors from communicating with a consumer if it knows that consumer is represented by an attorney.

3. Defendant debt collector has repeatedly called Plaintiff after learning Plaintiff was represented by a lawyer. Defendant's conduct violated the FDCPA and caused Plaintiff great aggravation, humiliation, anxiety and other damages.

## II.   JURISDICTION

4. Subject matter jurisdiction of this Court arises under the FDCPA, 15 U.S.C. §1692k, actionable through 28 U.S.C. §§1331 and 1337.

5. *In personam* jurisdiction exists and venue is proper, as Defendant regularly does business in this district and has caused harm in this district.

### III. PARTIES

6. Plaintiffs Patricia and Jeffrey Shade ("Plaintiffs" or the "Shades") are married individuals who reside in West Hanover, PA within this District.

7. The Shades are "consumers" as that term is contemplated in the FDCPA, 15 U.S.C. § 1692a(3).

8. Defendant Concord Servicing, LLC, doing business under the fictitious name Blackwell Recovery (hereinafter "Defendant" or "Blackwell"), is registered to do business in Pennsylvania and has a principal address of 4150 N. Drinkwater Blvd, Suite 200, Scottsdale AZ, 85251.

9. Defendant is a "debt collector" as that term is contemplated in the FDCPA, 15 U.S.C. § 1692a(6).

10. Defendant regularly collects debts and does business within the Middle District of Pennsylvania.

11. Defendant uses the name "Blackwell Recovery" for its third-party debt collection business.

12. The principal purpose of Defendant Blackwell is the collection of debts.

13. When founding the company, Defendant issued a press release reading:

> Concord Servicing Corporation, a premier third-party loan servicing and collections provider, announced today that it has launched its new debt-recovery brand, Blackwell Recovery.
>
> Blackwell Recovery was created to provide a more effective recovery solution for severely delinquent debt from today's consumers, who

> have become increasingly desensitized to standard debt-collection methods. Dubbed "debt collection for the new generation of American consumers," Blackwell promises a new approach that combines technology solutions and education to empower debtors to take control of their debt.

See InsideARM, "Concord Servicing Corporation Launches New Collections Brand: Blackwell Recovery," https://www.insidearm.com/news/00020332-concord-servicing-corporation-launches-ne (Nov. 16, 2011).

14. Upon information and belief, Defendant markets itself as a debt collector, holds itself out as a debt collector, and regularly operates as a debt collector as to thousands of consumers, including Plaintiffs.

15. Upon information and belief, Defendant regularly makes collection calls to consumers for the purpose of collecting obligations allegedly owed another, such as timeshare debts.

16. For example, on its website, Defendant markets "The Blackwell Recovery Advantage," as depicted below:

> **The Blackwell Recovery Advantage:**
>
> - **Customized Solutions**: Every business is unique, and so are its collection needs. We offer strategies tailored specifically to your requirements, ensuring maximum effectiveness.
> - **Regulatory Expertise**: Navigating the complex world of industry regulations can be challenging. Our team is well-versed in compliance, ensuring that your collection processes adhere to all necessary standards.
> - **Technological Edge**: Our use of cutting-edge technology not only enhances efficiency but also ensures better results. From advanced analytics to automated reminders, we leverage technology to its fullest.
> - **Empathetic Approach**: At Blackwell Recovery, we believe in preserving customer relationships. Our empathetic approach ensures that customers are treated with respect, even during challenging conversations.
> - **Transparent Reporting**: Stay informed with real-time reporting and analytics. Our transparent processes ensure that you're always in the loop, enabling informed decision-making.
> - **Dedicated Team**: Our team is not just skilled but also dedicated. Committed to maximizing your debt recovery outcomes, we work tirelessly to ensure the best results for your business.

17.  Defendant Blackwell is not a creditor as to the account it was collecting here, however, even if it was, it "uses any name other than [its] own which would indicate that a third person is collecting or attempting to collect such debts" and is thus subject to the FDCPA. 15 U.S.C. § 1692(a).

## IV. STATEMENT OF CLAIM

18. The Shades purchased a timeshare interval for personal, family, or household use from a resort entity called Eagle Village.

19. The timeshare was not as promised and their interval turned out to be worthless, so the Shades ceased paying the resort.

20. At some point thereafter, the resort who sold the Shades the timeshare declared a default and sent their account to collections.

21. Defendant Blackwell then began making collection attempts on the debt.

22. Only after Eagle Village declared a default did Plaintiffs begin receiving communications from Defendant Blackwell Recovery.

23. Defendant sent Plaintiffs at least one collection letter, dated April 25, 2023, which stated:

> **Blackwell Recovery is a debt collector.** We are trying to collect a debt that you owe to EAGLE VILLAGE PROPERTY OWNERS ASSOCIATION. We will use any information you give us to help collect the debt.

(Emphasis in original). That collection letter also included the statutory notice that third-party debt collectors are required by law to give in their initial communication to consumers.

5

24. Plaintiffs sought legal assistance and hired a law firm, The Law Office of Kenneth H. Dramer, PC ("Dramer firm").

25. On May 22, 2023 at 6:29pm ET, the Dramer firm sent an email to Blackwell at [customercare@blackwellrecovery.com](mailto:customercare@blackwellrecovery.com) enclosing a "Third Party Authorization and Release Form" executed by Patty Shade and a Limited Power of Attorney from both Shades giving the Dramer firm the authority speak about the debt on their behalf.

26. Blackwell has known since May 22, 2023, that the Dramer firm represented the Shades.

27. Nonetheless, Blackwell continued to place collection phone calls to the Shades' home phone.

28. Blackwell illicitly placed at least nine (9) calls to the Shades' home in September 2023 alone.

29. Blackwell continued to contact the Shades after knowing that they were represented by an attorney with respect to the debt Blackwell was attempting to collect, in violation of 15 U.S.C. § 1692c(a)(2).

30. The Defendant's repeated, annoying and harassing calls to the Shades' home after knowledge of their representation by the Dramer firm directly caused the Shades damage including *inter alia*: out of pocket losses including legal fees, as well

as aggravation, humiliation, fear, embarrassment, anxiety, sleeplessness, and other damages.

## COUNT I

## FAIR DEBT COLLECTION PRACTICES ACT

31. Plaintiffs repeat the allegations contained above as if the same were here set forth at length.

32. The acts by Defendant described above violate the Fair Debt Collection Practices Act, in the following ways:

>   (a) By engaging in conduct the natural consequence of which is to harass, oppress or abuse any person in the collection of a debt, in violation of 15 U.S.C. §1692d;
>
>   (b) By communicating with a consumer after the debt collector knows the consumer is represented by an attorney with respect to such debt in violation of 15 U.S.C. § 1692c(a)(2).

**WHEREFORE,** Plaintiffs Patricia and Jeffrey Shade demand judgment against Defendant Concord Servicing, LLC, d/b/a Blackwell Recovery for:

>   (a) Damages;
>
>   (b) Attorney's fees and costs;

      (c)    Such other and further relief as the Court shall deem just and proper.

## V. <u>DEMAND FOR JURY TRIAL</u>

Plaintiffs demand a trial by jury as to all issues so triable.

                                              Respectfully submitted:

Date: 8/7/2024                                          */s/ Andrew M. Milz*
                                                    CARY L. FLITTER
                                                    ANDREW M. MILZ
                                                    JODY T. LOPEZ-JACOBS
                                                    Attorneys for Plaintiffs

                                                    FLITTER MILZ, P.C.
                                                    450 N. Narberth Avenue, Suite 101
                                                    Narberth, PA 19072
                                                    (610) 822-0782